UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JENNY MOSQUERA, on behalf of herself and all others similarly-situated,

Plaintiff,

-against-

SALT HARBOR, INC., and LINDSAY OSTRANDER, individually,

Defendants.

**COMPLAINT**

**Docket No.:**

Jury Trial Demanded

JENNY MOSQUERA ("Plaintiff"), on behalf of herself and all others similarly-situated (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through her attorneys, STEVENSON MARINO LLP, as and for her Complaint against SALT HARBOR, INC ("Salt Harbor") and Lindsay Ostrander (collectively as "Defendants"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon violations that Defendants committed of Plaintiff's rights guaranteed to her by: (i) the minimum wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; (ii) the minimum wage provisions of the New York Labor Law ("NYLL") § 652(1), New York Codes, Rules & Regulations ("NYCRR") tit. 12, § 146-1.2; (iii) tip misappropriation under the FLSA, 29 U.S.C. § 203(m)(2)(B); (iv) tip misappropriation under the NYLL, § 196-d; (v) the FLSA's requirement that an employer provide employees with a tip credit notice, 29 U.S.C. § 203(m); (vi) the NYLL's requirement that employers provide employees with a tip credit notice upon hire, NYLL §

195(1)(a); (vii) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); and (viii) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants as a server for Defendants' restaurant, Salted On the Harbor, which is one of two restaurant locations owned and operated as a single business entity by Defendants. As described below, for the duration of Plaintiff's employment period, Defendants willfully failed to pay Plaintiff the wages lawfully due to her under the FLSA and the NYLL, as Defendants paid Plaintiff below the minimum wage rate based on their application of a tip credit to Plaintiff's wages despite never providing her with a tip credit notice.

3. Additionally, Defendants violated the FLSA and NYLL by misappropriating tips, as Defendants unlawfully utilized a tip pool that required Plaintiff to tip out based on sales instead of tips earned, which resulted in workweeks where she would be required to provide more tips than she earned.

4. Defendants' failure to pay minimum wage and their participation in an illegal tip pool was not limited to Plaintiff, but also extended to all of Defendants' non-managerial tipped employees.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself and all other similarly situated non-managerial tipped employees during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff additionally brings her claims under New York law on behalf of herself and any FLSA Plaintiff, as that term is defined below, who opts into this action.

6. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil

Procedure ("FRCP") 23, on behalf of herself and all other persons similarly situated during the applicable NYLL limitations period who suffered damages as a result of Defendants' violations of the NYLL and the NYCRR.

**JURISDICTION AND VENUE**

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1), as Defendant Salt Harbor has a principal place of business located at 14 Woodbine Avenue, Northport, New York 11768, and all defendants are residents of the state of New York.

**PARTIES**

9. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

10. At all relevant times herein, Salt Harbor, Inc. was and is a New York corporation with its principal place of business located at 14 Woodbine Avenue, Northport, New York 11768.

11. At all relevant times herein, Defendant Ostrander was the owner and operator of Salt Harbor. In this role, Defendant Ostrander exercised financial control over the company, supervised Salt Harbor's employees' day-to-day activities and possessed authority to hire and fire Salt Harbor's employees. Defendant Ostrander did in fact hire and fire Plaintiff, maintained her employment records, exerted control over Plaintiff, supervised Plaintiff, and paid Plaintiff her wages.

12. At all relevant times herein, Defendants were and are "employers" within the meaning of the FLSA and NYLL. Additionally, Defendants' qualifying annual business exceeded

and exceeds $500,000.00, and Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as they employ two or more employees and buy and sell meat, produce, and other food items in the course of their business, which originate in states other than New York, as well as accept credit card payments from customers for their purchases, the combination of which subjects Defendants to the FLSA's requirements as an enterprise.

**COLLECTIVE ACTION ALLEGATIONS**

13. Plaintiff seeks to bring this suit to recover from Defendants unpaid minimum wage compensation as well as withheld tips, and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), on her own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial tipped employees, who at any time during the applicable FLSA limitations period, performed any work for Defendants at Salt Harbor, and who consent to file a claim to recover damages for minimum wage and unlawful tip retention and liquidated damages that are legally due to them ("FLSA Plaintiffs").

14. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiffs and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were not paid the required minimum wage for all hours worked; and (5) were not paid all tips earned.

15. At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at minimum wage, and the requirements to pay Plaintiff and all FLSA Plaintiffs all of their tips earned, yet they purposefully and willfully chose and choose not to do so.

16. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees minimum wage for all hours worked, and willfully refusing to provide their employees with all of their earned tips, in violation of the FLSA.

**RULE 23 CLASS ALLEGATIONS**

17. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of herself, as well as on behalf of all those who are similarly situated that Defendants subjected to violations of the NYLL and the NYCRR during the applicable statutory period.

18. Under FRCP 23(b)(3), a plaintiff must plead that:

a. The class is so numerous that joinder is impracticable;

b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

c. Claims or defenses of the representative are typical of the class;

d. The representative will fairly and adequately protect the class; and

e. A class action is superior to other methods of adjudication.

19. Plaintiff seeks certification of the following FRCP 23 class:

> Current and former non-exempt tipped employees, who during the applicable NYLL limitations period, performed any work at the Salt Harbor, or any of their successors-in-interest, in New York ("Rule 23 Plaintiffs").

Numerosity

20. During the previous six years, Defendants have employed, in total, at least forty employees that are putative members of this class.

Common Questions of Law and/or Fact

21. There are common questions of law and fact that govern the claims of each and

every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) whether Defendants failed and fail to pay the Rule 23 Plaintiffs at least at the statutorily-required minimum wage rate for all hours worked; (3) whether Defendants failed and fail to furnish the Rule 23 Plaintiffs with all of their gratuities earned; (4) whether Defendants furnished and furnish the Rule 23 Plaintiffs with a tip credit notice upon hire containing the information required by NYLL § 195(1)(a); (5) whether Defendants furnished and furnish the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by NYLL § 195(3); (6) whether Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; (7) whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; (8) whether Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; (9) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (10) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

22. As described in the "Background Facts" section below, Defendants employed Plaintiff and Rule 23 Plaintiffs as non-managerial tipped employees. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom Plaintiff seeks to represent, as Plaintiff and the Rule 23 Plaintiffs work and/or have worked for Defendants in New York, yet Defendants routinely failed and fail to pay them at least the minimum wage rate for all hours worked, failed and fail to furnish them with all gratuities earned, failed and fail to provide them with a tip credit notice upon hire, and failed and fail to provide them with accurate wage statements on each payday. Plaintiff

and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid at least the statutory minimum wage rate for all hours worked, to be furnished with all of their gratuities earned, to be furnished with a tip credit notice upon hire, and to be furnished with accurate wage statements on each payday. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and its supporting regulations. Plaintiff and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

Adequacy

23. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout their employment with Defendants. Defendants did not pay Plaintiff the minimum wage for all hours worked, did not furnish Plaintiff with all gratuities earned, did not furnish Plaintiff with a tip credit notice upon hire, and did not furnish Plaintiff with accurate wage statements on each payday, which is substantially similar to how the Defendants paid and treated the Rule 23 Plaintiffs. Plaintiff is no longer employed with Defendants, and thus has no fear of retribution for Plaintiff's testimony. Plaintiff fully anticipates testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer that pertain to Plaintiff. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

24. Additionally, Plaintiff's counsel has substantial experience in this field of law.

Superiority

25. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

26. Any lawsuit brought by any non-managerial tipped employee who worked for Defendants for the same violations alleged herein would be identical to a suit brought by any other similar employee for the same violations. Thus, separate litigation would risk inconsistent results.

27. Accordingly, the means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

28. Salt Harbor consists of at least two nominally distinct business entities that operate as a single business entity doing business as "Salt Harbor," comprised of at least two restaurants in Northport, New York. The restaurants share common management, a common labor force, and common ownership that controls the day-to-day activities of the non-managerial employees that often work at both locations.

29. Defendants hired Plaintiff as a server in or around May 2023.

30. From in or around May 2023 through on or around December 5, 2024, Plaintiff worked at Salted On The Harbor, a restaurant located at 14 Woodbine Ave, Northport, NY 11768.

31. As a server, Plaintiff was responsible for interacting with customers, taking customers' food and drink orders, bringing food to and from customers' tables, and cleaning and preparing tables for customers in the restaurant.

32. During her employment, Plaintiff routinely worked four days per week, between six to seven hours per day, totaling approximately twenty-four hours per week.

33. For her work, Defendants paid Plaintiff below the minimum wage rate for all hours worked and applied a tip credit towards the minimum wage.

34. Despite their application of the tip credit, Defendants never provided Plaintiff with a verbal or written tip credit notice to properly notify her of the tip credit provisions of the FLSA and the NYLL. As a result, Defendants were not permitted to apply the tip credit towards the minimum wage that Plaintiff was entitled to receive.

35. Plaintiff routinely received tips from customers, but according to Defendants' tip policy, Defendants demanded that Plaintiff tip out her gratuities based on a percentage of her total sales, with no relation to her gratuities received from patrons. This resulted in Defendants misappropriating tips earned by Plaintiff, as she regularly failed to receive tips earned if she paid out tips according to sales amounts. As a result, Defendants unlawfully failed to furnish Plaintiff with all tips that she earned. Additionally, this illegal tip-out policy also served to invalidate the tip credit applied to Plaintiff's minimum wage.

36. As a result of the above, Defendants do not satisfy the requirements under the FLSA and the NYLL by which they could provide a tip credit to the hourly rates paid to Plaintiff, and thus Defendants have failed to compensate Plaintiff at the proper minimum wage rate.

37. On each occasion when Defendants paid Plaintiff, Defendants failed to provide Plaintiff with a wage statement that accurately listed her rate of pay for that week or her gratuities earned.

38. Based on Defendants' failure to provide wage statements and a wage notice that listed Plaintiff's lawful pay rate and gratuities earned, Plaintiff was not provided with knowledge of her rights with respect to her pay. This lack of information impaired Plaintiff's ability to contest Defendants' unlawful wage practice with respect to her pay.

39. Therefore, not only was Plaintiff not paid what she was owed for her entire employment, which was below the statutory minimum wage, but Defendants' lack of proper wage statements served to keep Plaintiff uninformed so that she did not have proper information to contest the lack of proper wages.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Minimum Wages Under the FLSA*

40. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

41. 29 U.S.C. § 206(a) requires employers to compensate each of their employees at a minimum wage for each hour worked.

42. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

43. As also described above, Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's minimum wage provisions.

44. Defendants willfully violated the FLSA.

45. Plaintiff and FLSA Plaintiffs are entitled to pay at the minimum wage rate for all hours worked each week.

46. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's minimum wage provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Minimum Wages Under the NYLL and the NYCRR*

47. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

48. NYLL § 652(1) and NYCRR § 146-1.2 prescribe a minimum wage that employers must pay to their employees for each hour worked.

49. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL and the NYCRR.

50. As also described above, Defendants failed to compensate Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, at the minimum hourly rate of pay for all hours worked in accordance with the NYLL's and the NYCRR's minimum wage provisions.

51. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are entitled to pay at the minimum wage rate for all hours worked each week.

52. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's minimum wage provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS

*Tip Misappropriation in Violation of the FLSA*

53. Plaintiff and FLSA Plaintiffs, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

54. 29 U.S.C. § 203(m)(2)(B) prohibits employers from keeping tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit.

55. As described above, Defendants unlawfully required their employees to tip out, resulting in Plaintiff's and FLSA Plaintiffs' tips being misappropriated in violation of the FLSA.

56. As described above, Defendants' violations of the FLSA have been willful and intentional.

57. As a consequence of the willful underpayment of wages, alleged above, Plaintiff and FLSA Plaintiffs have incurred damages thereby and Defendants are indebted to them in the amount of the unpaid tipped wages, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Tip Misappropriation in Violation of the NYLL*

58. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

59. NYLL § 196-d prohibits managers or supervisors to withhold or retain any portion of an employee's tips.

60. As described above, Defendants unlawfully required their employees to tip out, resulting in Plaintiff's, FLSA Plaintiffs', and Rule 23 Plaintiffs' tips to be misappropriated in violation of the NYLL.

61. As described above, Defendants have a policy and practice of keeping a portion of the gratuities received by its non-managerial employees, including Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts into this action, in violation of NYLL § 196-d and the supporting New York State Department of Labor regulations.

62. As a consequence of the willful misappropriation of tips alleged above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, have incurred damages thereby and Defendants are indebted to them in the amount of the unpaid gratuities, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

**<u>FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS</u>**

*<u>Failure to Furnish a Proper Wage Notice in Violation of the NYLL</u>*

63. Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

64. NYLL § 195(1) requires that employers furnish employees with a notice upon hire, containing accurate, specifically enumerated criteria.

65. As described above, Defendants, upon hire, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, with an accurate wage notice containing the criteria required under the NYLL.

66. Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, in the amount of $50 for each workday after the violation occurred, up to a statutory cap of $5,000 each.

**<u>SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS</u>**

*<u>Failure to Furnish Proper Wage Statements in Violation of the NYLL</u>*

67. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

68. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

69. As described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, with accurate wage statements containing the criteria required under the NYLL.

70. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000 each.

## DEMAND FOR A JURY TRIAL

71. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing a form consenting to join the lawsuit pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL and the NYCRR as a class action pursuant to FRCP 23;

f. All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any shortfall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

g. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

h. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and a service award to Plaintiffs;

i. Designation of Plaintiff and Plaintiff's counsel as collective and class action representatives under the FLSA and the FRCP;

j. All damages that Plaintiff sustained as a result of Defendants' retaliatory actions, including an injunction restraining future retaliatory actions, compensation for lost wages, benefits, and all other remuneration, whether back pay or front pay, emotional distress damages and punitive damages;

k. Prejudgment and post-judgment interest, as provided by law; and

l. Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: White Plains, New York
October 9, 2025

Respectfully submitted,

Stevenson Marino LLP
*Attorneys for Plaintiff*
445 Hamilton Avenue, Suite 1500
White Plains, New York 10601
(212) 939-7229

By: ______________________________
Jeffrey R. Maguire